UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE FRANKLIN SWARTZ,

    Defendant.

No. CR 23-00085 WHA

**ORDER DENYING GOVERNMENT'S RENEWED MOTION FOR MENTAL COMPETENCY EXAMINATION**

The government again moves for a mental competency examination of defendant Jesse Swartz and further requests that an additional evidentiary hearing be conducted before trial. Defendant opposes (Dkt. No. 168, 169). For the reasons that follow, the motion is **DENIED**.

On September 6, 2023, a hearing was held during which both sides presented argument regarding defendant Swartz's competency. No competency examination had been conducted prior to this hearing because defendant Swartz, then out of custody, vehemently refused to participate in any evaluation. The judge had even gone to the trouble of bringing a psychologist to the courtroom to meet and to evaluate defendant, but defendant adamantly refused. Nevertheless, using evidence developed in the record, including defendant's demeanor in court, his numerous *pro se* filings, and other evidence further provided by counsel, the Court found by a preponderance of the evidence that defendant Swartz was mentally competent to stand trial and assist counsel in his defense, but that he was not competent to represent himself in trial or to waive counsel. Specifically, the Court reasoned (RT 23–24):

> This is a case about an altercation in the hallway of this courthouse that probably lasted 60 seconds or less. It will take longer to pick the jury than it will to try the case. It is not a difficult issue, and we have one of the best lawyers in California representing Mr. Swartz.
>
> Now, it is absolutely correct that Mr. Swartz has done a great many things that draw into question his mental competency [such as] [t]he statements he's made on the record . . . Ordinarily a mental examination would definitely be in order, and I have tried to set that up, and he has refused . . . So therefore, I feel like what do I do. The exam is not compulsory; the hearing and the findings are.
>
> So I am making the finding based on everything I've had here . . . it's absolutely correct by clear and convincing evidence that Mr. Swartz is not competent to represent himself and will not be allowed to do so, but he is competent to assist his attorney in understanding the simple facts that happened in that 60 seconds or less in the hallway in this courthouse.

Thus, after this initial competency hearing, defendant Swartz was found to be mentally competent to stand trial by a preponderance of the evidence pursuant to Section 4241 of Title 18 of the United States Code.* Trial is set to begin on November 13, 2023.

This order adds that defendant has now had three court-appointed lawyers in this single case, the first two having been "fired" by defendant and the third threatened with a similar fate, save for the more recent finding that Swartz is not competent to represent himself or to waive counsel. Swartz is now pulling a new stunt — refusing to talk with his third lawyer. This is just another of his many stunts in which he treats the case as a vast practical joke. He will not be permitted to sabotage our system of justice. The present arrangement, even with the stunts, is the best available *modus vivendi*. In the future, someone might ask, wouldn't it have been better to have committed Swartz to a federal facility for restoration of mental competency so that he could have represented himself? *See* 18. U.S.C. § 4241(d)(2). The problem with that course is that it would take far longer (maybe indefinitely) in custody than the guideline range, *i.e.*, the cure would be worse than the disease. Anyway, defendant will not cooperate in any mental examination, much less cooperate in any restoration process.

---

*Although the finding was stated by "clear and convincing evidence," which is a higher standard, this order notes than only a finding by preponderance of the evidence was required. 18 U.S.C. §4241(d).

Given that this issue has already been argued and decided on the merits, the government's current "renewed motion" will be treated as a motion for leave to file a motion for reconsideration under our local rules. Accordingly, the government must show "reasonable diligence" in bringing its motion and that one of the following applies: (1) a material difference in fact or law exists from that which was presented to the Court, (2) the emergence of new material facts or a change in law occurring after the time of the order, or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. *See* Civil L.R. 7-9; Crim. L.R. 2-1. The government's motion does not satisfy any of these requirements. Instead, it simply rehashes non-binding arguments and points to the inconsequential fact that, now, because defendant Swartz is in custody, a "new opportunity" is created to conduct the evaluation. These arguments are examined in turn.

As stated during the hearing on September 6, a competency examination by a professional is not required under Section 4241. Our court of appeals has specifically held "even if the existence of reasonable cause requires a competency hearing, the court clearly has discretion to determine whether an examination is also necessary." *United States v. George*, 85 F.3d 1433, 1437 (9th Cir. 1996). The government points to out-of-circuit caselaw and the *Benchbook for United States District Court Judges* in an attempt to argue an examination "probably should" be ordered here. These authorities are not a change of law occurring after the time of the hearing nor do they constitute a material difference in law. Reconsideration will not be granted on these grounds.

Further, that defendant Swartz is now in custody does not constitute a new, material difference in facts. As stated, defendant Swartz repeatedly and firmly refused to participate in any evaluation, outpatient or otherwise. That he is in custody now does not change the fact of his continued resistance. Indeed, at the hearing yesterday, defendant Swartz reaffirmed his absolute resistance to any examination. Even if a court-appointed psychologist is sent to him while in custody, he will certainly refuse to cooperate or answer any questions. No change in defendant's stance has occurred. Further efforts will only waste time and resources. There is no reason to revisit the Court's finding.

The government requests "a more fulsome evidentiary hearing" in the alternative, so that it can further introduce evidence that it "did not have the opportunity to submit during the September 6 motion hearing" (Br. 6). The government provides no authority, however, that such an opportunity is owed based on its own judgment of what was or was not sufficient to show competency. Section 4247(d), which sets out the procedure for a competency hearing, provides no guarantee to the government. Rather, it guarantees certain rights to "the person whose mental condition is the subject of the hearing." The defendant was afforded, through counsel, the opportunity to present witnesses or testify during the hearing. Defendant's counsel, Attorney James Thomson, declined to do so and he currently opposes the request for a further hearing. Thus, defendant's statutory rights have been fulfilled. This request is denied.

This order reaffirms the prior finding that defendant Swartz is mentally competent to stand trial and to assist counsel, but not competent to represent himself or to waive counsel. Swartz appears to be a classic "gray-area defendant," *i.e.*, one who "falls in a gray area" between "the minimal constitutional requirement that measures a defendant's ability to stand trial and a somewhat higher standard that measures mental fitness for another legal purpose." *Indiana v. Edwards*, 554 U.S. 164, 172 (2008). Indeed, "[o]ne might not be insane in the sense of being incapable of standing trial and yet lack the capacity to stand trial without benefit of counsel." *Massey v. Moore*, 348 U.S. 105, 108 (1954). The Supreme Court has already recognized that "the Constitution permits judges to take realistic account of the particular defendant's mental capacities" in such a manner. This prevents "the spectacle that could well result" from a gray-area defendant's self-representation, which would undercut the most basic criminal law objective of a fair trial. *See Edwards*, 554 U.S. at 177–78. Swartz will get a fair trial in spite of himself. The government's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 25, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE