UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

    Plaintiff,

v.

JESSE FRANKLIN SWARTZ,

    Defendant.

No. CR 23-00085 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL AND MOTION FOR A NEW TRIAL**

## INTRODUCTION

Defendant, found guilty by a jury of assault on a federal employee in violation of 18 U.S.C. Section 111(a)(1), moves for a judgment of acquittal on a theory of insufficient evidence and separately moves for a new trial due to a prior competency ruling. For the reasons stated herein, defendant's motions are **DENIED**.

## STATEMENT

On February 8, 2023, on the 17th floor of the Phillip Burton Federal Building, defendant banged on the doors to a locked courtroom and attracted the attention of Courthouse Security Officer (CSO) Rufus Wright. When Wright attempted to calm defendant, he began to shout and demanded that a judge be brought out to talk to him. Wright called for back-up. When supporting CSOs attempted to handcuff defendant, he shoved Wright in the chest, knocking him off his feet. Defendant was then arrested by the CSOs at the scene.

On November 27, 2023, a jury convicted defendant of assault on a federal employee in violation of 18 U.S.C. Section 111(a)(1) (Dkt. No. 220).

Defendant now moves to set aside the jury verdict and order a new trial. Defendant moves for acquittal on the grounds that the evidence did not show that defendant "struck" a federal employee under Section 111(a)(1). Defendant separately moves for a new trial pursuant to Rule 33, arguing that this Court's prior competency ruling was in error. Because defendant is represented by counsel, this order addresses only the arguments made through that counsel.

**ANALYSIS**

1.  **RULE 29.**

Rule 29 requires that courts "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Rule 29 analysis is governed by *Jackson*'s "two-step inquiry for considering a challenge to a conviction based on sufficiency of the evidence." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." *Nevils,* 598 F.3d at 1164. "Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt[.]'" *Ibid.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in *Jackson*).

Section 111(a)(1) requires a jury to find, *inter alia*, that defendant "forcibly assaulted" a federal employee (Dkt. No. 219). Forcible assault is in turn defined as, among other things, "one person intentionally strik[ing] another" (*ibid*).

CSO Wright testified that defendant took a step forward and shoved Wright in the chest with both hands, knocking the latter off of his feet. Wright then braced himself against the bench behind him. CSO Kidd testified that he witnessed the same quick, forceful shove. Surveillance footage admitted at trial showed the same. Construed in the light most

favorable to the prosecution, the jury could reasonably find that defendant "struck" CSO Wright.

Defendant's argument is a semantic one: "[t]he evidence presented at trial showed that Mr. Schwartz *shoved* a federal employee but never *struck* anyone" (Br. 4, emphasis added). Defendant provides no supporting authority. Whether or not the physical contact between defendant and CSO Wright constituted a "strike" was left to the discretion of the jury. The decision they came to is sufficiently supported by the evidence.

### 2. RULE 33.

A court may grant a motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. A motion for a new trial "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation omitted). Our court of appeals has suggested that a new trial is warranted if an error "could, in any reasonable likelihood, have affected the judgment of the jury." *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978). The entirety of the argument related by defendant's counsel is as follows:

> Mr. Swartz seeks a new trial based on the Court's ruling following the *Faretta v. California*, 422 U.S. 806 (1975) hearing that he "failed to waive his right to counsel in a knowing and voluntary manner but also that he is not competent to represent himself." Doc #77. Mr. Swartz believes he is competent to represent himself and his trial would have had a different outcome had he represented himself. The Court's error in allowing Mr. Swartz to represent himself deprived Mr. Swartz of his rights to due process, counsel and a fair trial, and support granting a new trial.

(Br. 3)

*First*, there was no error. The ruling regarding defendant's competency was legally valid and correct on the facts. *See Indiana v. Edwards*, 554 U.S. 164, 175-76 (2008) ("In certain instances an individual may well be able to satisfy *Dusky's* mental competence standard, for he will be able to work with counsel at trial, yet at the same time he may be unable to carry out the basic tasks needed to present his own defense without the help of counsel.").

*Second*, defendant provides no new facts that cast the competency order or its reasoning into doubt. To the contrary, defendant's behavior since his *Faretta* hearing only supports the

necessity of the original ruling.  This includes defendant's behavior at a November 13 hearing, during which he asserted his superior SAT math score, commanded the judge to stand and disrobe, and likened the judiciary to "an advanced evil fricking civilization" (Dkt. No. 215 at 29).

*Third*, it is unreasonable to suggest that self-representation would have affected the judgment of the jury.  Defendant has asserted countless times that, if allowed to represent himself, he would present some 1,300 pages of grievances stretching back to grade school (*id*. at 24-25; Dkt. No. 216).   Much of these writings have made their way onto the docket.  They concern, among other things, a scrape defendant suffered to his knee during early childhood, the relative deliciousness of his grandmother's noodles, a speeding ticket he received in 1996 while traveling to Michigan State to see old friends, recurring fears concerning miscegenation, and alleged tort claims against an aunt who teased defendant's father about his weight during a family gathering.  In short, everything but the matter at hand.  Self-representation would have done little except undermine the integrity of defendant's trial.

## CONCLUSION

For the foregoing reasons, defendant's motions are **DENIED**.

**IT IS SO ORDERED.**

Dated: January 29, 2024

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE