UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JESSE SWARTZ,

    Defendant.

No. CR 23-00085 WHA

**REVOCATION OF RELEASE PENDING APPEAL**

In February 2023, defendant Jesse Swartz attempted to enter the locked courtroom of a judge in this district and assaulted the responding court security officer. A jury found defendant guilty of felony assault on a federal employee, and the undersigned sentenced defendant to an eight-month term of imprisonment (Dkt. No. 261).

In the ordinary course, defendant would have been taken into BOP custody to serve his sentence. During sentencing, however, he requested release pending appeal. The governing standard is as follows:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds—


**(A)** *by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title*; and

**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in

[. . . .]

**(iv)** a reduced sentence to a term of imprisonment less than... the expected duration of the appeal process. If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title . . .

18 U.S.C. § 3143(b)(1). If a defendant is released, the sentencing judge may impose conditions that he "determines will reasonably assure the appearance of the person as required and the safety of any other person in the community," including, for example, the requirement that the defendant "report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency." 18 U.S.C. § 3142(c).

While defendant's appeal was unlikely to succeed, appellate proceedings would extend beyond the sentence imposed. Defendant's request was therefore granted, subject to his good behavior and the continued enforcement of all of the conditions of his release (Dkt. No. 275 at 12, 14) ("It will be the same conditions that you're on now . . . [and] that you have good behavior . . . . As soon as he misbehaves, if he does, he goes straight to prison"). So, until recently, defendant has been out of custody pending appeal.

On May 23, however, Pretrial Services informed the Court that defendant failed to report at the beginning of the month, and when contacted by Pretrial Services, claimed that "all lower court orders are stayed while on appeal" (Dkt. No. 287). Pretrial Services requested an order reiterating that the defendant must report to them in-person during the first week of every month (*ibid.*). An order re-stating that requirement issued the same day (Dkt. No. 288). In June, Pretrial Services informed the Court that defendant again failed to report during the first week of the month. A bond hearing was scheduled for and held on July 2, 2024. Defendant did not appear, and a warrant issued.

Defendant was arrested on August 29, and appeared at a bond hearing before the undersigned on September 3. Defendant's release pending appeal was revoked because of the foregoing conduct and an obvious risk of flight.

Defendant has been convicted by a jury and bears the burden of establishing his entitlement to release, including, *inter alia*, proving by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(b)(1); *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). Given his behavior on release, he cannot meet that burden.

While on release, defendant refused to acknowledge the conditions of release imposed by the Court during his sentencing, or the instructions of Pretrial Services, even after the Court issued an order reiterating the specific requirement that defendant must report to Pretrial Services at the beginning of each month. When the Court set a hearing for July 2, defendant treated that like a game, too. On June 30, he informed the Court through a letter that he "will not be available on the day in question due to a hangover from Budweiser and a Monday cookout," and "doesn't want to speak to Judge Alsup or his criminal sycophants" (Dkt. No. 293-1). That same day, defendant filed a third, frivolous motion to recuse the undersigned. On July 2, two hours before the scheduled hearing, defendant again emailed the courtroom deputy and told her to "please have His Holy Worshipfulness and Almighty Benevolence simply reschedule . . . I am out of pocket today and will not be present" (Dkt. No. 293-3).

When the July 2 bench warrant issued, defendant suddenly expressed interest in showing up. On July 3, defendant requested that a hearing be scheduled to recall the bench warrant, subject to his busy schedule (Dkt. No. 297-1). On July 25, he again requested a hearing concerning the bench warrant, subject to "future unscheduled appointments to correct cavities" and "a Santa Clara trial in mid-September" (Dkt. No. 302). It is not enough that defendant is willing to entertain a court appearance – and even then, only at his own convenience – once deputies are out looking for him. Moreover, defendant did not at any point turn himself in.

Defendant's dishonesty while on release further supports revocation. In August, defendant filed a letter with the Clerk's Office (attached to this order) directing the Clerk of

3

Court to "please see the enclosed letter from Merrick Garland."  Enclosed was a forgery bearing the seal of the Department of Justice and an imitation of the Attorney General's signature.  The letter purported to order the acting U.S. Marshal for our district to "cease and desist enforcing any and all orders of William Alsup, any clerk assigned to same judge and any matter involving any judge or clerk in the aforementioned case regarding Jesse F. Swartz, V (Jr.)."  It continued, "the warrant effectuating an arrest of Mr. Swartz, issued on or about July 1, 2024, is hereby invalidated."  This attempt to circumvent the Court's warrant by way of forgery underscores the risk of flight posed by defendant.

Defendant's arguments to the contrary do not move the needle.

*First*, defendant argues that he has complied with the conditions of his release because, according to him, a magistrate judge granted him the option of conducting monthly check-ins with her directly via email.  This alleged arrangement was put in place when the magistrate first granted defendant pretrial release in 2023.  That was before trial.  The conditions of defendant's post-conviction release were imposed by *this* Court in April 2024.  The specific requirement that defendant report to Pretrial Services was reiterated in a separate order in May.  Those conditions control, not an alleged arrangement made with the magistrate before trial and a year prior.

*Second*, defendant argues that his forgery was just a joke, intended to prove to the world that defendant "understands" that the U.S. Marshals Service reports to the Attorney General.  This explanation is nonsensical and does not warrant further discussion.

*Third*, defendant argues that he did not show up to the July 2 hearing because of dental appointments and state court appearances.  The record shows that not to be true.  Before the hearing, defendant stated that he had "a dental procedure . . . soon," that he was set to have his "teeth fixed on the 24th," and that he had a July 15 hearing in Santa Clara County.  After missing the July 2 hearing, defendant claimed to have a "dental appointment for lockjaw correction on August 7," and "future unscheduled appointments to correct cavities."  At no point did defendant claim to have a medical or state court conflict on the day of July 2.  *The only excuse offered for not showing up on July 2 was that defendant "will not be available on*

4

*the day in question due to a hangover from Budweiser," and "doesn't want to speak to Judge Alsup or his criminal sycophants."*

Defendant's release pending appeal is revoked, and he will serve out his sentence in the custody of the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated:  September 11, 2024



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE