UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JESSE F. SWARTZ,<br><br>　　　　　Defendant. | No. CR 23-00085 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR RECUSAL, REASSIGNMENT, AND OTHER RELIEF** |

Defendant Jesse F. Swartz, who is on supervised release, has filed a flurry of motions. Each is addressed in turn.

　　　　　　　　\*　　　　　\*　　　　　\*

On February 4, 2025, defendant filed a motion titled "MOTION TO DISPENSE PARTIAL DECLARATORY AND MONETARY REMEDY TO DEFENDANT JESSE F. SWARTZ" (Dkt. No. 332). The motion does not state a cognizable claim for relief and is generally incomprehensible. For example, defendant writes:

> Based on Court Security Officer ("CSO") and DHS ("Dept. of Homeland Security") officer responses to the commotion I intentionally caused on or about February 8th, I decided the officers were not "federal officers." First I must define "federal officer." Federal officer = "really, really good." Good = "very competent, relative to function, position or role." Also, Federal > State > City because of goodness level. If Mayor says X and U.S. Attorney says Y, then Y it is as long as U.S. Attorney has all skills and data points to decide between X and Y.

(*id*. at 3).

And later:

> On June 28th, 2023, Judge Alsup or his replacement writes: "Jesse Franklin Swartz, V good person, smart and work very good. Everyone say he bad worker and person, but he good and smart. He paid $5 MM for starters. Pay him today, to Wells Fargo and Goldman Sach's accounts. Why? Because nice dancing lady so sad when he leaves Gold Club last night. Why he leave dancing lady club? Because he had only enough for a few $8 beers with tips for bartenders, a tip for the nice manager who invite Georgina, and one "thank you" tip for dance to Georgina. Nice lady, she like Franklin so much and she cry when he leave. So I fix now! Two representatives from those banks meet here that day, make sure money in accounts and meet Jesse Smart Man."
>
> Now Jesse (aka "Franklin") have money. He leave shelter and buy house.
>
> Maybe take Georgina to NBA All Star game.

(*id*. at 9).

Attached to defendant's motion are several previously filed civil complaints: A petition for declaratory relief against "SAP SE" and "Mary Beth Hanss," an "amended complaint" against Oracle, and so forth (Dkt. Nos. 332-1 – 332-5). All are irrelevant to the present criminal action.

The motion fails to state a claim for relief and is **DENIED**.

\*             \*             \*

Next, defendant has filed two motions requesting recusal or reassignment.

*First*, on October 28, 2024, defendant filed a "request for reassignment," wherein he demanded that "all outstanding requests be reassigned by [Judge] Seeborg" in light of defendant's lawsuit against the undersigned in the Eastern District of California (Dkt. No. 325).

*Second,* on February 4, 2025, defendant filed a similar motion titled "REITERATED MOTION FOR JUDICIAL DISQUALIFICATION PURSUANT TO 28 U.S.C. § 455 & REQUEST FOR REASSIGNMENT TO CHIEF JUDGE" (Dkt. No. 333).

2

Defendant first moved to disqualify the undersigned in May 2023 (Dkt. No. 39). That motion was referred to another judge in this district, and summarily denied (Dkt. No. 91) ("The defendant's motion to disqualify Judge Alsup is frivolous and it is denied."). In October 2024 defendant again moved to "impeach" the undersigned (Dkt. No. 319). That motion was again frivolous: It cited Gozer the Gozerian, the primary antagonist in the film *Ghostbusters* (1984), and suggested that close study of Gozer and her on-screen interactions with Dana Barrett and Louis Tully, both characters in the film, supported "impeachment" (*ibid.*). The undersigned denied that motion outright — it did not warrant referral to another judge.

The present motions likewise fail. "A judge is not disqualified by a litigant's suit or threatened suit against him." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). Defendant's latest motions for recusal and reassignment are otherwise frivolous and are, again, **DENIED**.

*          *          *

On February 4, 2025, defendant filed a motion titled "MOTION TO ALTER SENTENCE/JUDGMENT: CANCEL/RESCIND ALL REMAINING PROBATIONARY TERMS AND CONDITIONS PURSUANT TO FRCRP 35 OR ANCILLARY LEGAL EMPOWERMENT" (Dkt. No. 334). Rule 35 allows the sentencing court to reduce a previously-imposed sentence "*upon the government's motion*." Fed. R. Crim. P. 35(a), (b) (emphasis added). The government has made no such motion.

Defendant's motion is procedurally improper and is **DENIED**.

On February 6, 2025, defendant filed several "exhibits" in support of the above motion. The first so-called "exhibit" is, in reality, a separate 29-page brief. Therein, defendant argues that various attorneys, known and unknown, have committed sanctionable attorney misconduct, and demands that they be referred to the Bar's Committee on Professional Responsibility and Conduct, the United States Attorney's Office of Professional Responsibility, and so on (Dkt. No. 335-1).

Defendant's motion is frivolous. For example, as to one of the government's attorneys in this matter, defendant asserts:

3

> A female clerk in the court had knelt under the defense's table to plug something in. Mr. Migler, walking over to that table and crouching beside her, said "Do you need some help?" Although masked by the assistance he was giving the female clerk, it is possible Mr. Migler was attempting to allege that Mr. Swartz was "Currently performing a job which required more people to assist him." **Intentional infliction of emotional distress, CCP Sec. 527.6**.

(Dkt. No. 335-1 at 22-23) (emphasis in original). As to one of the several attorneys that represented defendant, he writes:

> Mr. Swartz thought her speech patterns a bit off; her presentational style did not represent what defendant would expect from a Harvard Law School graduate. As an example, when defendant asked her how he could depart the holding area's meet and confer room, Ms. Chuang responded "You can just knock." During an in person interview in her FPD office, defendant asked her if she wanted him to send her a written summary of what occurred and the context of those events. She replied in the affirmative and added "Send it to me, it's confidential." Defendant believed her tone of voice, word choice and directives ("send it to me") suggested a possibility of irrational superiority. For some reason, Ms. Chuang spoke as if she were defendant's manager.

(Dkt. No. 335-1 at 5-6). And so on. Defendant's motion is frivolous and is **DENIED**.

The second "exhibit" filed in support of defendant's motion is a copy of December 2023 appellate brief wherein defendant challenged the validity of the presentence report prepared during his sentencing (Dkt. No. 335-2). Defendant voluntarily dismissed that appeal in January 2024. To the extent that defendant now attempts to revive these long-dismissed arguments, they are **DENIED**. *First*, they are procedurally improper, and *second*, they are frivolous on the merits.

\*          \*          \*

On February 7, 2025, defendant filed a motion titled "MOTION TO DISCUSS DISPENSING DECLARATORY AND MONETARY REMEDY TO DEFENDANT JESSE F. SWARTZ REGARDING STATE OF CALIFORNIA NEGLIGENCE, RELATED TORTS" (Dkt. No. 336). Therein, defendant seeks "[f]inancial remedy, reputational relief and a preliminary Findings of Fact and Conclusions of Law document" as to various alleged wrongs committed by the state of California, its employees, contractors, "sub-entities," and so forth

4

(*ibid.*). This motion is, again, frivolous. Defendant alleges that he has "endured more than 60,000 tortious events . . . while he has resided in the State of California" (Dkt. No. 336-2). For example, defendant complains that a San Francisco Human Services Agency employee working to find him a job through the City's "JobsNOW" program tried to find him a job, free of charge:

> Ms. Carter asked "When was the last time you were employed full time?"
>
> The answer, more than a decade ago, is due to the inactions and actions of the State, including and with specific attention paid to her department's function and budget. When Mr. Swartz responded, she said "Oh, then I'd definitely recommend you for [Program A]." When Mr. Swartz inquired as to the types of positions in Program A, she responded that they were mostly clerical and basic functions, an insult to his experience and capability.
>
> Mr. Swartz has reason to believe her questions and recommendations are intentionally meant to "recast" Mr. Swartz as a lower-income worker, perhaps as part of a political party-wide effort, that political party the actual entity in control of State departments. In other words, she is intentionally consuming his time and preventing, mostly through passivity or worthless recommendations, reclamation of a proper employment position based on his skills, experience and intellect.

(Dkt. No. 336-2 at 2). Next, a medical professional employed by the City attempted to provide defendant with mental health services, again free of charge:

> An African American male claiming to hold a Ph.D. or M.D., who maintained extremely poor communication skills and had an air of "street" to him, had the audacity to sit across from him and declare than Mr. Swartz had "a mental problem" and should apply for social security. Mr. Swartz believes the man was a criminal, lied about his degree, was empowered by the City and County and via this empowerment was ordered to assist in executing a reputational "hit." The "hit" or "tear down" component included labeling Mr. Swartz mentally deficient.

(*ibid*.). All the while, defendant complains, the state has refused to fund his private litigation against a former employer and has failed to arrange "placement into a law firm or similar organization whereby he manages his cases through resolution" (*id*. at 5). Other claims are more conspiratorial: State employees monitor his devices, dose his food, subject him to

5

1   "olfactory annoyances" to "reduce [his] capacity to create quality work," arrange for others to

2   greet him using "intentional informality and condescension" ("Hey Bro") to "lower his social

3   skills," and so forth (*id*. at 4-6).  The motion is frivolous; it is **DENIED**.

4

5   **IT IS SO ORDERED.**

6

7   Dated:  February 12, 2025.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6