UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JESSE F. SWARTZ,<br><br>    Defendant. | No. CR 23-00085 WHA<br><br>**ORDER DENYING LATEST REQUESTS FOR RECUSAL AND IMMEDIATE RELEASE** |

Defendant Jesse F. Swartz has filed a motion and several follow-on filings.

**1.  THE MOTION RE RECUSAL AND RELEASE (DKT. NO. 373).**

Defendant moves, again, for recusal (Dkt. No. 373 § 1). And, he moves to "no longer appear before N.D. Cal. Judges, save CJ Seeborg" (*id.* § 2), which this order construes as a motion for recusal and reassignment.

Defendant originally moved to disqualify the undersigned in May 2023 (Dkt. No. 39). That motion was referred to another judge in this district and summarily denied (Dkt. No. 91) ("The defendant's motion to disqualify Judge Alsup is frivolous and it is denied.").

In October 2024, defendant again moved to "impeach" the undersigned (Dkt. No. 319). That motion was again frivolous: It cited Gozer the Gozerian, the primary antagonist in the film Ghostbusters (1984), and suggested that close study of Gozer and her on-screen interactions with Dana Barrett and Louis Tully, both characters in the film, supported

"impeachment" (*ibid.*).  The undersigned denied that motion outright — it did not warrant referral to another judge.

On October 24, 2024, defendant filed a "request for reassignment," wherein he demanded that "all outstanding requests be reassigned by [Judge] Seeborg" in light of defendant's lawsuit against the undersigned in the Eastern District of California (Dkt. No. 325).  (That suit has since been dismissed without leave to amend.  Case No. 2:24-cv-02112-DC-CSK (PS), Dkt. No. 29 (E.D. Cal. Apr. 15, 2025) (Judge Dena Coggins).)  On February 4, 2025, defendant filed a similar motion titled "REITERATED MOTION FOR JUDICIAL DISQUALIFICATION PURSUANT TO 28 U.S.C. § 455 & REQUEST FOR REASSIGNMENT TO CHIEF JUDGE" (Dkt. No. 333).

Both the October 24 request for reassignment and its February 4 "reiteration" were summarily denied by the undersigned (Dkt. No. 338).  Defendant moved once more to "reassign" motions before the undersigned on March 28, 2025 (Dkt. No. 351).  It was denied as frivolous (Dkt. No. 354).

The present motion to disqualify, like its many predecessors, is frivolous (Dkt. No. 373 §§ 1–2).  It is **DENIED**.

*Finally*, the motion contains a section titled "Immediate Release Warranted."  It states in full:  "As no crime exists, no probation can be lawfully administered" (Dkt. No. 373 § 3).  But defendant was found guilty by a jury (Dkt. No. 261).  Extraordinary writs were denied (Dkt. No. 364).  And, thus, this request for relief from the district court is also frivolous (Dkt. No. 373 § 3) — and **DENIED**.

2. **ADDITIONAL FILINGS (DKT. NOS. 376–78).**

As this motion was pending, defendant filed additional papers.  One stated that to appear before the district judge would be to appear "below" the district judge, "an act I now consider an insult" (Dkt. No. 376 at 2), and a second asked "who is competent to adjudge" whether "this is a game" or instead an "attempt to properly assess a situation" (Dkt. No. 377 at 17).  Both these filings lack fundamental coherence, but are construed also as motions to disqualify — and frivolous.  They, too, are **DENIED**.  A third such filing stated the undersigned "agrees to

appear before the Court on October 24th [*sic*] if the court releases defendant by September 30, 2025," before going on to purport to state why defendant's "current incarceration is wrongful" (Dkt. No. 378). This filing is construed as another motion seeking immediate release. For the same reasons just stated, it is **DENIED**. Defendant shall appear in court as ordered.

    **IT IS SO ORDERED.**

Dated: October 7, 2025.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3